**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD CHRISTEN MILLER,<br><br>Defendant. | CR 26-8-M-WWM-1<br><br>ORDER DENYING MOTION FOR LEAVE TO FILE PRETRIAL MOTION TO SUPPRESS AND DENYING MOTION TO SUPPRESS AS UNTIMELY |

On September 21st, Defendant Miller moved for leave to file a motion to suppress evidence ("Motion for Leave") long after the deadline established in the March 11th Scheduling Order had passed. (Docs. 80, 184, and 185). Mr. Miller represents that his late-filed motion to suppress should be permitted under Federal Rules of Criminal Procedure 12(c)(3) and 45(b)(1)(B) for good cause and excusable neglect due to his lack of communication with counsel after his attorney received materials produced by the United States in discovery. (Doc. 185 at 5-7). Mr. Miller also argues that his late filing is without prejudice to other parties. (Doc. 185 at 7). Mr. Miller claims that resolution of his motion "will not disturb the existing trial schedule." *Id.* He bases this argument on the fact that the Court granted a motion to extend the motion deadline for his co-Defendant, Jamie Lee Maki ("Ms. Maki"), through September 21st, and that allowing him leave "would place Miller's motions deadline in parity" with Ms. Maki's. (Docs. 173, 176, and

185 at 2). The United States filed a Response in opposition on September 25th within the expedited response schedule set by the Court. (Doc. 195 and 189). The Court denies the Motion for Leave.

**Procedural Posture**

The Grand Jury indicted Mr. Miller and his seven co-Defendants on January 28, 2026. Two of the Defendants have entered guilty pleas, but trial is set to begin three weeks from today for the other six individuals. (Doc. 171). Mr. Miller was arraigned on March 2nd and granted pre-trial release from custody. (Doc. 71). Mr. Mattingley was appointed as counsel at that time. (Doc. 75). Judge Christensen set March 27th as the deadline for motions. (Doc. 80). Mr. Miller did not file any motion prior to the deadline. He absconded in March very near the deadline for motions,[1] and was not retaken into custody until June. (Docs. 92 at 1; 152). Most of his co-Defendants appeared in February, and Mr. Storey, Mr. Peoples, and Mr. Ployhar have been detained since then. (Docs. 25, 51, and 62).

The trial date has been set and vacated on multiple occasions. The Court first set trial on April 27th. (Doc. 80). On the unopposed motion of Defendant Simpson, the Court reset the trial for June 1st. (Docs. 109 and 116). On May 5th, Defendant Charlton moved to continue the trial, but Defendants Ployhar and

[1] Mr. Miller interacted with law enforcement in Nebraska on or about March 23rd. United States Probation Officers learned of this interaction and Mr. Miller's intention to travel to Florida, which led to a motion to revoke his pretrial release on March 24th. (Doc. 91).

Peoples opposed the continuance and asserted that their right to a speedy trial should outweigh Mr. Charlton's interest of justice arguments. (Docs. 134, 138, and 142). The Court continued the trial until July 27th over the objections of Mr. Peoples and Mr. Ployhar. (Doc. 144). In July, on the government's motion, the Court vacated the trial date over the objection of Defendant Ployhar and noted it would be reset once Mr. Miller and Ms. Maki made appearances in this District. (Doc. 162). Mr. Miller was arrested on June 6th in Tallahassee, Florida, and ordered removed to Missoula on June 9th (Doc. 152).[2] Mr. Mattingley was present for Mr. Miller's initial appearance on the motion to revoke his pretrial release on August 18th. (Doc. 163). It was not until nearly five weeks after this hearing that Mr. Miller requested leave to file the Motion to Suppress.[3]

**Analysis**

A defendant who does not meet the deadline to file a pretrial motion renders their motion untimely under Federal Rule of Criminal Procedure 12(c)(3). An untimely motion may be properly denied. *See United States v. Zidar*, 178

---

[2] Mr. Miller was ordered removed by United States Magistrate Judge Martin A. Fitzpatrick, *United States v. Miller*, Case No. 4:26-mj-89-MAF-1 (N.D. Fla.), at Docs. 8 and 9. The executed arrest warrant was filed in this docket on June 9th and a complete docket from the Northern District of Florida was filed on June 16th pursuant to Federal Rule of Criminal Procedure 5(c)(3). (Docs. 152 and 154).

[3] Under the Court's typical criminal trial schedule, an initial appearance on August 18th would have a corresponding motions deadline of September 4th. Even utilizing this deadline, Mr. Miller's motion would be untimely by more than two weeks.

Fed.Appx. 673, 676 (9th Cir. 2006) (unpublished). However, Rule 12(c)(3) permits the court to "consider the defense, objection, or request if the party shows good cause." When the deadline has already expired, the party must also show that the failure to act was "because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B).

In determining good cause, the court looks to the party's diligence, while excusable neglect requires consideration of the underlying equities of the party's noncompliance. *United States v. Loo*, 2025 WL 1582283, at *2 (W.D. Wash.). Good cause reflects "a flexible standard that requires consideration of *all interests* in the particular case," and is not "a strategic decision nor inadvertence . . . ." *United States v. Poai*, 2025 WL 1696425, at *2 (D. Haw.) (emphasis added) (quoting Fed. R. Crim. P. 12(c)(3), 2014 advisory committee notes and *United States v. Andres*, 960 F.3d 1310, 1316 (11th Cir. 2020)). Courts have found good cause when there is late production of discovery, recent discovery that was not available, or a change in the law. *United States v. Jefferson*, 2024 WL 4893424, at *1 (W.D. Wash) (compiling cases). The United States Court of Appeals for the Eighth Circuit found that good cause did not exist when "[the defendant] caused the waiver by absconding from the district . . . ." *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011).

When determining excusable neglect, the Ninth Circuit has adopted a four-part test:

> (1) the danger of prejudice to the opposing party;
> (2) the length of the delay and its potential impact on the proceedings;
> (3) the reason for the delay; and,
> (4) whether the movant acted in good faith.

*United States v. Laverty*, 2024 WL 124294, at *3 (9th Cir. 2024) (unpublished) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000)).

Here, the Court finds neither good cause nor excusable neglect. While the ostensible basis of the delay is Mr. Miller's inability to confer with counsel during the period that he was in violation of his pretrial release by absconding, he has provided no justification why this request has only been made at this late stage, long after his arrest in Florida in June. He argues that there is no prejudice because Ms. Maki received an extension of her deadline to file motions through September 21st. (Doc. 185 at 7). Ms. Maki filed a motion to extend the deadline on September 4th. (Doc. 173). That motion was timely filed shortly after her arraignment (more than five months after Mr. Miller's initial arraignment) and unopposed by the United States. (Doc. 176).[4] Ms. Maki and Mr. Miller's circumstances are not analogous. It is untenable to argue that setting their

[4] Despite only being arraigned on August 18th and being granted an extension, Ms. Maki did not file any substantive motions by the September 21st deadline. (Doc. 164). The lack of substantive motions under consideration only compounds the prejudice that other parties face if the Court permits Mr. Miller to delay trial.

deadlines for pretrial motions for the same time would create parity. Mr. Miller has given no justification for his failure to seek an extension in the two months before his initial appearance on revocation petition or in the month following it. Finally, with the lack of pretrial motions from Defendant Maki, it seems clear that an enlargement of time for filing a pretrial motion by Mr. Miller would jeopardize the current trial setting.[5]

Moreover, as identified by the Eighth Circuit, good cause does not exist when the reason for the delay is the defendant absconding. Despite Mr. Miller's representation that this is only "leave to file the single motion to suppress," and that no party will be prejudiced, Mr. Miller seeks to suppress all evidence obtained from the search of his person, his vehicle, and his cell phones, including all derivative evidence. (Docs. 185 at 7 and 186 at 1-2). Based on this description, it is difficult for the Court to determine what evidence would *not* be suppressed if the Motion to Suppress were granted. Further, as the United States argues, the unique information Mr. Miller possessed while he absconded is of *de minimis* value, and his absence would not have prevented his counsel from preparing the Motion to

[5] If the Court granted the Defendant's motion, it would likely set an evidentiary hearing to occur after the filing of a response brief from the United States. This is unworkable in the face of the existing schedule, including the plea agreement deadline, deadlines for pretrial filings, and the trial date.

Suppress. (Doc. 195 at 6).[6] This is not the type of newly discovered evidence that constitutes good cause.

There is no excusable neglect in this instance. The Court will not allow Mr. Miller's voluntary act of absconding to further delay trial of his co-Defendants, some of whom have objected to previous continuance requests and the prospect of further delay. (Docs. 138, 142, 160, and 190). More than five months have passed since the deadline for pretrial motions. If the Court granted the Motion for Leave, there would be significant prejudice to the United States, which would need to brief a response to the Motion to Suppress, prepare witnesses for an evidentiary hearing, and consider alternative trial strategy a mere three weeks before the scheduled trial. While Mr. Miller has represented that allowing the filing of the Motion to Suppress would not result in a continuance, the Court has already described the difficulty in entertaining a full argument on the Motion to Suppress. (Doc. 189). If the Court were to take the Motion to Suppress under advisement, permit the full briefing it would require, and conduct an evidentiary hearing, there is no possibility that the trial could commence on the scheduled date. This would delay trial for Mr. Miller and all his co-defendants. No other substantive motions

---

[6] The only information in Mr. Miller's unique possession is his subjective intent to stop at the Reno Café. (Doc. 181-1; 187; 195 at 6). The remainder of the Motion to Suppress is based on whether the officers had reasonable suspicion to stop Mr. Miller and conduct a search of the vehicle, which is all based on information that was available to counsel during Mr. Miller's abscondment. (Doc. 187). This information is largely irrelevant to the Motion to Suppress, which focuses on the officer's knowledge rather than Mr. Miller's intent.

are pending. The final two factors also weigh against finding excusable neglect for the reasons described in the analysis of good cause. Therefore, the Court finds that Mr. Miller's neglect was not excusable.

Having concluded that the Motion for Leave is neither in good faith nor justified by excusable neglect,

**IT IS HEREBY ORDERED** that the Motion for Leave (Doc. 184) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Suppress (Doc. 186) is **DENIED** as untimely.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 28th day of September, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE